FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'08 MAY 29 P2:05

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

MICHAEL J. MCNAUL, II,
ET AL,

Defendants,

And

CONSOLIDATED MANAGEMENT GROUP, LLC,
ET AL,

Relief Defendants.

Civil Action No.

08-1159-JTM

---

## AGREED ORDER APPOINTING RECEIVER

This matter came on before me, the undersigned United States District Judge, this 29th day of May 2008, on the motion of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a Receiver in the above-referenced matter. It appears that this *Order Appointing Receiver ("Order")* is both necessary and appropriate in order to prevent waste and dissipation of assets to the detriment of investors in the securities offered and sold by Defendants.

I.

**IT IS THEREFORE ORDERED:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of

whatever kind and description, wherever situated, of Defendants Michael J. McNaul, II, Dale C. Lucas, and Russell W. Kilgariff,. ("Defendants") and of Relief Defendants Alliance Leasing, LLC, Consolidated Management Group, LLC, Golden Belt Transportation, LLC, Garner Management, LLC, Forrest Energy, LLC, Warren Drilling, LLC, Warrick Drilling, LLC, Pawnee Iron Works, LLC, Mid Kan Operating, LLC, and T&D Oil Service, LLC, ("Relief Defendants"), including all such assets of purported ventures and partnerships identified in Plaintiff's Complaint (including any amendments thereto) ("Ventures") for which Defendants or Relief Defendants purport or have purported to serve as general partners or managing venturers (references to the Defendants and Relief Defendants collectively will be "The Receivership Parties" or to a "Receivership Party"), any investor funds raised in connection with such purported Ventures and any assets acquired with or attributable to such investor funds, **including the assets of Warren Energy, LLC** (collectively, these assets may be referred to herein as "Receivership Assets" or a "Receivership Asset"); and the books and records of any Receivership Party or the books and records under the actual or beneficial control of any Receivership Party or any persons acting in concert with or under the direction of any Receivership Party.

2.   Edward Nazar, located at Redmond & Nazar, L.L.P., 245 North Waco, Suite 402, Wichita, Kansas 67202-1117 with the phone number of (316) 262-8361, facsimile number (316) 263-0610, is appointed Receiver for each Receivership Party identified above, as well as of any investor funds raised in connection with the Ventures and any assets acquired with or attributable to such investor funds; and the books and records of any Receivership Party or the books and records under the actual or beneficial control of

any Receivership Party or any persons acting in concert with or under the direction of any Receivership Party ("the Receivership Estate"). The Receiver shall file with the Clerk of this Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this *Order*.

3. All persons, including but not limited to the Receivership Parties and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this *Order* by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets shall be filed in this Court. No person holding or claiming any position of any sort with the Receivership Estate shall possess any authority to act by or on behalf of any of the Receivership Estate, except as authorized by the Receiver.

4. The Receiver shall have and possess all powers and rights to administer and manage the Receivership Estate, including, but not limited to the power and authority to:

    (a)    to take custody, control and possession of all records, assets, funds, property premises and other materials of any kind in the possession of or

under the direct or indirect control of the Receivership Estate and, until further order of this Court;

(b) to manage, control, operate and maintain the Receivership Estate, to use income, earnings, rents and profits of the Receivership Estate, with full power to sue for, collect, recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other documents, data and materials;

(c) to conduct the business operations of the Receivership Parties named in the first paragraph of this *Order*, above, and the entities they control, including the collection of rents or continuation and termination or any employment arrangement and all other aspects of any active business operation;

(d) to make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Assets;

(e) to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receivership Estate;

(f) to contact and negotiate with any creditors of the named Defendants for the purpose of compromising or settling any claim, including the surrender of assets to secured creditors;

(g) to receive and collect any and all sums of money due or owing to the Receivership Parties whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such

disbursements as are necessary and proper for the collection, preservation, maintenance, administration and operation of the Receivership Estate;

(h)  to renew, cancel, terminate, or otherwise adjust any pending lease agreements to which any of the Receivership Parties is a party;

(i)  to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Estate or proceeds there from, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the administration, preservation and maintenance of the Receivership Estate;

(j)  to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies, with all such actions filed in this Court;

(k)  to open bank accounts or other depository accounts, in the name of the Receiver on behalf of the Receivership Estate;

(l)  to prepare any and all tax returns and related documents regarding the assets and operation of the Receivership Estate;

(m)  to take any action which could be taken by the officers, directors, managers, members, partners, trustees or other principals of the Receivership Estate;

(n)  to take such other action as may be approved by this Court.

5. **Notwithstanding the powers and rights set forth above in Paragraph 4, the Receiver, prior to recommending any disposition of Receivership Asset to the Court, shall use reasonable efforts to evaluate the viability of a proposed capital infusion by the firm East West Energy, Inc. ("East West"), referenced generally in paragraphs 58-62 of the Declaration of Steve Webster, filed with the Court as part of Plaintiff's Appendix in Support of its Motion for Emergency Relief.**

6. The Receiver shall perform an accounting of the offering and sale of securities that is outlined in the Commission's Complaint including, but not limited to, the named Defendants' and the Relief Defendants' solicitation, receipt, disposition and use of the proceeds from such offering.

7. The Receiver shall be empowered, but is not required, to file a voluntary petition for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receivership Estate or any portion thereof. If a bankruptcy petition is filed, the Receiver shall become, and shall be empowered to operate the Receivership Estate as a debtor in possession, with all powers and duties provided to a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Without leave or further order of this Court, no person other than the Receiver is authorized to seek relief for any person or entity included within the Receivership Estate.

8. In the event an asset freeze order is issued, the Receiver shall be authorized, but not required, to administer, manage, and direct the marshaling, disbursement an/or transfer of monies or other assets held by third parties that are subject to the freeze. The Receiver may, in the reasonable exercise of his discretion, authorize the release, use or segregation of proceeds held by third parties.

9. The Receivership Parties and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this *Order*, shall cooperate with the Receiver and the other professionals working with him in the administration of the Receivership Estate, including, but not limited to, the immediate delivery to the Receiver of the following:

(a) all assets and other materials of the Receivership Estate in the possession or under their control, as well as the name and contact information of any person who has knowledge of the nature or location of assets or other materials belonging to the Receivership Estate;

(b) business records of any kind, whether in hard copy or electronic format, including e-mail files and accounts, customer files, accounting and financial records, bank records and brokerage or other depository records;

(c) insurance policies regarding any assets or persons that are in any way affiliated with the Receivership Estate, along as other information regarding insurance coverage or the absence thereof;

(d) computers and computer files, including e-mail files, along with all passwords for such files, that belong to or are under the control of any of the Receivership Parties or that in any way relate to the assets or the operation of the Receivership Estate;

(e) passwords and other identifying information regarding all computer or on-line files, banking or brokerage accounts and/or any other assets of any of the Receivership Parties or under their direct or indirect control,

specifically including but not limited to, passwords for internet or electronic access banking, brokerage and other on-line accounts;

(f)     keys, security cards, parking cards and other access codes for premises, vehicles, safety deposit boxes or accounts or assets under the direct or indirect control of any of the Receivership Parties; and,

(g)     such other information related to the Receivership Estate as the Receiver and those working with him reasonably request.

10.    Any bank, brokerage firm, mutual fund or other financial institution or any other person, partnership, corporation or other entity maintaining of having custody or control of: any brokerage or depository accounts or other assets of the Receivership Estate; or, accounts into which proceeds of the subject investment offering(s) have been deposited; or, accounts or assets under the direct or indirect control of the Receivership Parties who receives actual notice of this *Order*, shall:

(a)     freeze such accounts, funds or assets;

(b)     within five (5) business days of receipt of such notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

(b)     promptly cooperate with the Receiver to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of the Receivership Estate;

   (c) provide to the Receiver records of such funds, accounts and assets and tender said funds and/or the assets to the Receiver.

To the extent that there are assets about which a determination of ownership cannot be made, they shall be turned over to the Receiver to be held in escrow pending a determination of the ownership of such assets.

  11. The Receiver is authorized to provide notice of the entry of this *Order* to any governmental agency, person or other entity he deems appropriate. Actual notice may be accomplished by delivery of a copy of this *Order* by hand, U.S. mail, courier service, facsimile, by e-mail or by any other reasonable means of delivery.

  12. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to any of the Receivership Parties named in the first paragraph of this *Order*, above, or any company or entity under the direction or control of the Receivership Parties, to any Post Office box or other mail depository, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

  13. The Receiver may investigate any matters he deems appropriate in connection with discovering additional information as it relates to the activities of the Receivership Estate. In connection with any such investigation, the Receiver is authorized to:

   (a) compel, including by subpoena, the appearance and testimony of all persons, including the Receivership Parties (prior to and/or after the filing of responsive pleadings in this action) and the production of the originals of any

records and materials, of any sort whatsoever, within the possession, custody or control of any person, though the Receiver's authority under this paragraph shall not be construed to require the waiver by any person of any validly asserted privilege; and,

(b)     order consumer and credit reports that the he deems necessary and appropriate as a part of his investigation.

14.     The Receiver is hereby directed to file with this Court and serve upon the parties, within 45 days after entry of this *Order*, a preliminary report setting out the identity, location and value of the Receivership Assets, and any liabilities pertaining thereto.

15.     Absent express permission and leave by this Court, all creditors and other persons seeking money damages or other relief from the Receivership Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed. Further, all persons having notice of this Order, including creditors and others seeking money damages or other relief from the Receivership Estate, and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are restrained from doing anything to interfere with the Receiver performance of his duties and the administration of the Receivership Estate.

16. The Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receivership Estate.

17. The Receiver is hereby authorized to employ such employees, accountants, consultants, attorneys and other professionals, including employees of his own professional firm, as are necessary and proper for the administration of the Receivership Estate and the performance of his duties as set forth herein. The Receiver shall seek and obtain the approval of this Court prior to disbursement of professional fees and expenses to himself, his firm or his counsel, by presentation of a written application therefore, and after consultation with the Commission. All costs incurred by the Receiver shall be paid from the Receivership Assets. Upon notice to all parties in this case, the Receiver may submit a proposed order regarding an administrative process for the approval and payment of professional fees and expenses consistent with this provision.

18. Upon the request of the Receiver, the United States Marshal's Office, in any judicial district, or any other law enforcement agency is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate that is owned or controlled by any of the Receivership Parties, or that is otherwise part of the Receivership Estate. The Receiver is further authorized to enter any premises, safety deposit boxes, vehicles or other property of the Receivership Parties, and to change any locks or other security mechanisms, and to recover and assets and records located thereon or therein,

and, in cases of doubt, to secure assets and, in the case of any contest, to seek a judicial determination by this Court with respect to ownership.

19.    The Receiver shall keep the Commission and the Court apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide to the Commission upon request any documents under the control of the Receiver. The Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of any of the Receivership Parties to comply in any way with the terms of this Order.

20.    Except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

## II.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and the Receivership Parties named in the first paragraph of this *Order*, above, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

## III.

**IT IS FURTHER ORDERED** that this *Order* will remain in effect until modified by further order of this Court.

*[signature]*
UNITED STATES DISTRICT JUDGE

AGREED TO BY:

*[signature] #12296*

Mark Ayesh
Ray Simmons
Ayesh Law Offices
Building 2300, Suite 2
8100 East 22nd Street
Wichita, KS 67226
Attorney for Defendants McNaul, and Lucas,
and Relief Defendants Alliance, Consolidated, Forrest, Warren, Warrick, PIW, Mid Kan T&D,
and Warren Energy, LLC.


Robert Arnett
Munck Carter P.C.
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616
Attorney for Defendant Kilgariff and Relief Defendants
Garner Management, LLC. and Goldent Belt
Transportation, LLC.

By: /s/ Laurie K. Kahrs
LAURIE KAHRS #17249
Assistant United States Attorney
District of Kansas
1200 Epic Center
301 North Main
Wichita, Kansas 67202
Tel: (316) 269-6481
Attorneys for the United States of
America

TOBY M. GALLOWAY
Texas Bar No. 00790733
DAVID B. REECE
Texas Bar No. 24002810
SECURITIES AND EXCHANGE
    COMMISSION
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102
(817) 978-6447
(817) 978-4927 (fax)
gallowayt@sec.gov

# EXHIBIT TO AGREED ORDER APPOINTING RECEIVER

SEC v. McNaul, II, et al.
District of Kansas
Civil Action No. 08-1159-JTM-DWB

## "Joint Ventures"

| | |
|---|---|
| Joint Venture #1 | Consolidated #1 |
| Joint Venture #2 | Consolidated #2 |
| Joint Venture #3 | Consolidated #3 |
| Joint Venture #4 | Consolidated #4 |
| Joint Venture #5 | Consolidated Hugoton |
| Joint Venture #6 | Consolidated Hugoton #2 |
| Joint Venture #7 | Anadarko #1 |
| Joint Venture #8 | Anadarko #2A |
| Joint Venture #9 | Anadarko #2B |
| Joint Venture #10 | Alliance #1 |
| Joint Venture #11 | Alliance #2 |
| Joint Venture #12 | Alliance #3 |
| Joint Venture #13 | Alliance #4 |
| Joint Venture #14 | Alliance Sooner Trend #1 |
| Joint Venture #15 | Alliance Sooner Trend #2 |
| Joint Venture #16 | Alliance Sooner Trend #3 |
| Joint Venture #17 | Alliance Sooner Trend #4 |
| Joint Venture #18 | Alliance Sooner Trend #5 |
| Joint Venture #19 | Alliance Sooner Trend #6 |
| Joint Venture #20 | Alliance Sooner Trend #7 |
| Joint Venture #21 | Garner |
| Joint Venture #22 | Golden Belt |